UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

CAROL LINELL and CECELIA EDELMANN,

                                      Plaintiff,

                -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,
KAYE HOULIHAN, in her Official and Individually
Capacity, THOMAS OBERLE, in his Official and
Individual Capacity, and CHRISTINE CICCARONE, in
her Official Capacity and Individual Capacity,
                                    Defendants.
-------------------------------------------------------------------- x

**ANSWER TO THE**
**VERIFIED AMENDED**
**COMPLAINT**

15 Civ. 5085 (CBA)(MDG)

           Defendants THE BOARD OF EDUCATION OF THE CITY SCHOOL

DISTRICT OF THE CITY OF NEW YORK ("BOE") (also known as and sued herein as the

"New York City Department of Education"), KAYE HOULIHAN ("Defendant Houlihan"),

THOMAS OBERLE ("Defendant Oberle"), and CHRISTINE CICCARONE ("Defendant

Ciccarone") (collectively "Defendants"), by their attorney, Zachary W. Carter, Corporation

Counsel of the City of New York, for their answer to the Verified Amended Complaint

("Amended Complaint"), respectfully allege as follows:[1]

           1.      Deny the allegations set forth in paragraph "1" of the Amended

Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

---

[1] In a minute entry and order dated May 3, 2016 and entered on May 9, 2016, the Court
dismissed the following claims: (1) Edelmann's Americans with Disabilities Act claim;
Edelmann's disability-discrimination claims under New York State Human Rights Law and New
York City Human Rights Law against the Department of Education ("DOE") and the individual
defendants in their official capacities; (2) Edelmann's age-discrimination claims against
defendant Houlihan; (3) Linell's age-discrimination claims against defendants Houlihan and
Oberle; and Linell's age-discrimination claim under § 1983 against the DOE; (4) Linell's
retaliation claim; and (5) Plaintiffs' negligence claims. The Court reserved decision with respect
to Linell's defamation claim.

2.  Deny the allegations set forth in paragraph "2" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiffs' ages and years of experience as teachers, and admit that plaintiffs were formerly employed by the BOE and assigned to teach at Fort Hamilton High School in Brooklyn.

3.  Deny the allegations set forth in paragraph "3" of the Amended Complaint.

4.  Deny the allegations set forth in paragraph "4" of the Amended Complaint.

5.  Deny the allegations set forth in paragraph "5" of the Amended Complaint.

6.  Deny the allegations set forth in paragraph "6" of the Amended Complaint.

7.  Deny the allegations set forth in paragraph "7" of the Amended Complaint.

8.  Deny the allegations set forth in paragraph "8" of the Amended Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

9.  Deny the allegations set forth in paragraph "9" of the Amended Complaint, except admit that Plaintiffs purport to invoke the jurisdiction of this Court as set forth therein.

10.  Deny the allegations set forth in paragraph "10" of the Amended Complaint, except admit that Plaintiffs purport to invoke the jurisdiction of this Court as set forth therein.

11.     Deny the allegations set forth in paragraph "11" of the Amended Complaint, except admit that Plaintiffs purport to state the basis for venue in this Court as set forth therein.

12.     Deny the allegations set forth in paragraph "12" of the Amended Complaint, expect admit that, upon information and belief, Plaintiff Linell and Plaintiff Edelmann each served a Notice of Claim upon the City of New York Office of the Comptroller on or about December 2, 2014, and a hearing, pursuant to General Municipal Law Section 50(h), was held on March 23, 2015.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Amended Complaint, except admit, upon information and belief, that plaintiff Edelmann filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 18, 2015.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint, except admit, upon information and belief, that plaintiff Linell filed a charge of discrimination with the EEOC on March 18, 2015. .

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Amended Complaint.

16.     Deny the allegations set forth in paragraph "16" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff Linell's age, residence and domicile but admit that Plaintiff Linell is a female and respectfully refer the Court to the provisions of law cited therein for a complete and accurate statement of their contents.

17.     Deny the allegations set forth in paragraph "17" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff Edelmann's age, residence and domicile but admit that Plaintiff Edelmann is a female and respectfully refer the Court to the provisions of law cited therein for a complete and accurate statement of their contents.

18.     Deny the allegations set forth in paragraph "18" of the Amended Complaint, except admit that the BOE has an office located at 52 Chambers Street, New York, New York 10007, and respectfully refer the Court to the provisions of law cited therein for a complete and accurate statement of their contents.

19.     Deny the allegations set forth in paragraph "19" of the Amended Complaint, except admit that Defendant Houlihan is employed as the Principal of Fort Hamilton High School, located at 8301 Shore Road, Brooklyn, New York 11209, and that Plaintiffs purport to proceed as set forth therein.

20.     Deny the allegations set forth in paragraph "20" of the Amended Complaint, except admit that Defendant Oberle is employed as an Assistant Principal at Fort Hamilton High School, located at 8301 Shore Road, Brooklyn, New York 11209, and that Plaintiffs purport to proceed as set forth therein.

21.     Deny the allegations set forth in paragraph "21" of the Amended Complaint, except admit that Defendant Ciccarone is employed as an Assistant Principal at Fort Hamilton High School, located at 8301 Shore Road, Brooklyn, New York 11209 and that Plaintiffs purport to proceed as set forth therein.

22.     Deny the allegations set forth in paragraph "22" of the Amended Complaint.

23.     Deny the allegations set forth in paragraph "23" of the Amended Complaint, except admit that Fort Hamilton High School ("FHHS") is a public high school, located at 8301 Shore Road, Brooklyn, New York 11209.

24.     Deny the allegations set forth in paragraph "24" of the Amended Complaint, except admit that Defendant Houlihan began her tenure as Principal of FHHS beginning in the 2012 -2013 academic year.

25.     Deny the allegations set forth in paragraph "25" of the Amended Complaint.

26.     Deny the allegations set forth in paragraph "26" of the Amended Complaint, except admit that Defendants Oberle and Ciccarone each hold the title of Assistant Principal at FHHS.

27.     Deny the allegations set forth in paragraph "27" of the Amended Complaint, expect admit that both Plaintiffs were tenured teachers.

28.     Deny the allegations set forth in paragraph "28" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of plaintiff Edelmann's age.

29.     Deny the allegations set forth in paragraph "29" of the Amended Complaint.

30.     Deny the allegations set forth in paragraph "30 of the Amended Complaint.

31.     Deny the allegations set forth in paragraph "31" of the Amended Complaint.

32.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Amended Complaint.

33.    Deny the allegations set forth in paragraph "33" of the Amended Complaint, except admit that Defendant Oberle was one of Plaintiff Edelmann's supervisors.

34.    Deny the allegations set forth in paragraph "34" of the Amended Complaint, expect admit the Defendant Ciccarone is an Assistant Principal at FHHS and was one of Plaintiff Linell's supervisors.

35.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Amended Complaint.

36.    Deny the allegations set forth in paragraph "36" of the Amended Complaint.

37.    Deny the allegations set forth in paragraph "37" of the Amended Complaint, expect admit the Plaintiff Linell was assigned to teach, among other courses, Resource Room.

38.    Deny the allegations set forth in paragraph "38" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff Linell's students.

39.    Deny the allegations set forth in paragraph "39" of the Amended Complaint.

40.    Deny the allegations set forth in paragraph "40" of the Amended Complaint.

41.    Deny the allegations set forth in paragraph "41" of the Amended Complaint.

42.     Deny the allegations set forth in paragraph "42" of the Amended Complaint.

43.     Deny the allegations set forth in paragraph "43" of the Amended Complaint.

44.     Deny the allegations set forth in paragraph "44" of the Amended Complaint.

45.     Deny the allegations set forth in paragraph "45" of the Amended Complaint.

46.     Deny the allegations set forth in paragraph "46" of the Amended Complaint.

47.     Deny the allegations set forth in paragraph "47" of the Amended Complaint.

48.     Deny the allegations set forth in paragraph "48" of the Amended Complaint.

49.     Deny the allegations set forth in paragraph "49" of the Amended Complaint.

50.     Deny the allegations set forth in paragraph "50" of the Amended Complaint.

51.     Deny the allegations set forth in paragraph "51" of the Amended Complaint, expect admit that Plaintiff Edelmann was on medical sabbatical from April 2014 through June 2014.

52.     Deny the allegations set forth in paragraph "52" of the Amended Complaint.

53.     Deny the allegations set forth in paragraph "53" of the Amended Complaint, except admit that upon plaintiff Edelmann's retirement, a younger teacher was assigned to teach plaintiff schedule

54.     Deny the allegations set forth in paragraph "54" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff Linell's students.

55.     Deny the allegations set forth in paragraph "55" of the Amended Complaint.

56.     Deny the allegations set forth in paragraph "56" of the Amended Complaint, expect admit that, in addition to Resource Room, Plaintiff Linell was assigned to teach two Self- Contained English courses.

57.     Deny the allegations set forth in paragraph "57" of the Amended Complaint.

58.     Deny the allegations set forth in paragraph "58" of the Amended Complaint.

59.     Deny the allegations set forth in paragraph "59" of the Amended Complaint.

60.     Deny the allegations set forth in paragraph "60" of the Amended Complaint.

61.     Deny the allegations set forth in paragraph "61" of the Amended Complaint, expect admit that Plaintiff Linell was rated "ineffective" on particular sub-categories of her 2014 evaluation, pursuant the Danielson rubric.

62.     Deny the allegations set forth in paragraph "62" of the Amended Complaint.

63.     Deny the allegations set forth in paragraph "63" of the Amended Complaint.

64.     Deny the allegations set forth in paragraph "64" of the Amended Complaint except admit that plaintiff Linell retired from her position with the BOE.

65.     Deny the allegations set forth in paragraph "65" of the Amended Complaint, except admit that upon plaintiff Linell's retirement, a younger teacher was assigned to teach plaintiff schedule.

66.     Deny the allegations set forth in paragraph "66" of the Amended Complaint.

67.     Deny the allegations set forth in paragraph "67" of the Amended Complaint.

68.     Deny the allegations set forth in paragraph "68" of the Amended Complaint.

69.     Deny the allegations set forth in paragraph "69" of the Amended Complaint.

70.     Deny the allegations set forth in paragraph "70" of the Amended Complaint.

71.     Deny the allegations set forth in paragraph "71" of the Amended Complaint.

72.     Deny the allegations set forth in paragraph "72" of the Amended Complaint.

73.     Deny the allegations set forth in paragraph "73" of the Amended Complaint.

74.     Deny the allegations set forth in paragraph "74" of the Amended Complaint, except admit that Defendant Oberle held a post-observation meeting with Plaintiff Edelmann in Spring 2014.

75.     Deny the allegations set forth in paragraph "75" of the Amended Complaint.

76.     Deny the allegations set forth in paragraph "76" of the Amended Complaint

77.     Deny the allegations set forth in paragraph "77" of the Amended Complaint.

78.     Deny the allegations set forth in paragraph "78" of the Amended Complaint.

79.     Deny the allegations set forth in paragraph "79" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff Edelmann's medical condition.

80.     Deny the allegations set forth in paragraph "80" of the Amended Complaint, expect admit that Plaintiff Edelmann was on medical sabbatical from April 2014 through June 2014.

81.     Deny the allegations set forth in paragraph "81" of the Amended Complaint, except admit that plaintiff Edelmann retired from her position with the BOE.

82.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "82" of the Amended Complaint.

83.     Deny the allegations set forth in paragraph "83" of the Amended Complaint.

84.     Deny the allegations set forth in paragraph "84" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff Edelmann's medical condition, and admit that Plaintiff Edelmann was on medical sabbatical from September 2013 to January 2014.

85.     Deny the allegations set forth in paragraph "85" of the Amended Complaint, except admit that Plaintiff Edelmann returned to work from a medical sabbatical on or about February 1, 2014.

86.     Deny the allegations set forth in paragraph "86" of the Amended Complaint.

87.     Deny the allegations set forth in paragraph "81" of the Amended Complaint.

88.     Deny the allegations set forth in paragraph "88" of the Amended Complaint.

89.     Deny the allegations set forth in paragraph "89" of the Amended Complaint.

90.     Deny the allegations set forth in paragraph "90" of the Amended Complaint.

91.     Deny the allegations set forth in paragraph "91" of the Amended Complaint.

92.     Deny the allegations set forth in paragraph "92" of the Amended Complaint.

93.     Deny the allegations set forth in paragraph "93" of the Amended Complaint.

94.     Deny the allegations set forth in paragraph "94" of the Amended Complaint.

95.     Deny the allegations set forth in paragraph "95" of the Amended Complaint.

96.     Deny the allegations set forth in paragraph "96" of the Amended Complaint.

97.     Admit the allegations set forth in paragraph "97" of the Amended Complaint.

98.     Deny the allegations set forth in paragraph "98" of the Amended Complaint.

99.     Deny the allegations set forth in paragraph "99" of the Amended Complaint.

100.    Deny the allegations set forth in paragraph "100" of the Amended Complaint.

101.    Deny the allegations set forth in paragraph "101" of the Amended Complaint

102.    Deny the allegations set forth in paragraph "102" of the Amended Complaint

103.    Deny the allegations set forth in paragraph "103" of the Amended Complaint, except admit that a disciplinary conference was scheduled.

104.    Deny the allegations set forth in paragraph "104" of the Amended Complaint, except admit that Defendant Ciccarone was present at a meeting held on October 29, 2013, to discuss Plaintiff Linell's violations of protocol when administering the PSAT Exam, a standardized exam widely used for college admissions.

105.    Deny the allegations set forth in paragraph "105" of the Amended Complaint, except admit that, on February 5, 2013, Plaintiff Linell received a counseling letter in connection with her proctoring of a Regents Competency Test U.S. History Exam.

106.    Deny the allegations set forth in paragraph "106" of the Amended Complaint

107.    Deny the allegations set forth in paragraph "107" of the Amended Complaint.

108.    Deny the allegations set forth in paragraph "108" of the Amended Complaint, except admit that a letter, dated November 15, 2013, was placed in Plaintiff Linell's personnel file.

109.    Deny the allegations set forth in paragraph "109" of the Amended Complaint, except admit that Defendant Houlihan neither attended the meeting nor signed the November 15, 2013 letter referenced therein.

110.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "110" of the Amended Complaint.

111.    Deny the allegations set forth in paragraph "111" of the Amended Complaint.

112.    Deny the allegations set forth in paragraph "112" of the Amended Complaint.

113.    Deny the allegations set forth in paragraph "113" of the Amended Complaint.

114.    Deny the allegations set forth in paragraph "114" of the Amended Complaint, except admit that Defendant Ciccarone emailed Plaintiff Linell regarding her Substitute Lesson Plans.

115.    Deny the allegations set forth in paragraph "115" of the Amended Complaint.

116.    Deny the allegations set forth in paragraph "116" of the Amended Complaint.

117.    Deny the allegations set forth in paragraph "117" of the Amended Complaint.

118.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "118" of the Amended Complaint.

119.    Deny the allegations set forth in paragraph "119" of the Amended Complaint.

120.    Deny the allegations set forth in paragraph "120" of the Amended Complaint.

121.    Deny the allegations set forth in paragraph "121" of the Amended Complaint.

122.    Deny the allegations set forth in paragraph "122" of the Amended Complaint.

123.    Deny the allegations set forth in paragraph "123" of the Amended Complaint.

124.     Deny the allegations set forth in paragraph "124" of the Amended Complaint.

125.     Deny the allegations set forth in paragraph "125" of the Amended Complaint.

126.     Deny the allegations set forth in paragraph "126" of the Amended Complaint.

127.     Deny the allegations set forth in paragraph "127" of the Amended Complaint.

128.     Deny the allegations set forth in paragraph "128" of the Amended Complaint.

129.     Deny the allegations set forth in paragraph "129" of the Amended Complaint and respectfully refer the Court to the website cited therein for a complete and accurate statement of its contents.

130.     Deny the allegations set forth in paragraph "130" of the Amended Complaint except admit that the BOE provides training to its employees on the BOE's Non-Discrimination Policy.

131.     Deny the allegations set forth in paragraph "131" of the Amended Complaint and respectfully refer the Court to the BOE's Non-Discrimination Policy – Chancellor's Regulation A-830 for a complete and accurate statement of its contents.

132.     Deny the allegations set forth in paragraph "132" of the Amended Complaint.

133.     Deny the allegations set forth in paragraph "133" of the Amended Complaint.

134. Deny the allegations set forth in paragraph "134" of the Amended Complaint.

135. Deny the allegations set forth in paragraph "135" of the Amended Complaint.

136. Deny the allegations set forth in paragraph "136" of the Amended Complaint.

137. Deny the allegations set forth in paragraph "137" of the Amended Complaint.

138. In response to paragraph "138" of the Amended Complaint, Defendants repeat and reallege their responses to paragraphs "1 – 137" of the Amended Complaint, inclusive, as if fully set forth herein.

139. Deny the allegations set forth in paragraph "139" of the Amended Complaint.

140. Deny the allegations set forth in paragraph "140" of the Amended Complaint.

141. Deny the allegations set forth in paragraph "141" of the Amended Complaint.

142. In response to paragraph "142" of the Amended Complaint, Defendants repeat and reallege their responses to paragraphs "1 – 141" of the Amended Complaint, inclusive, as if fully set forth herein.

143. Deny the allegations set forth in paragraph "143" of the Amended Complaint.

144.    Deny the allegations set forth in paragraph "144" of the Amended Complaint.

145.    Deny the allegations set forth in paragraph "145" of the Amended Complaint.

146.    In response to paragraph "146" of the Amended Complaint, Defendants repeat and reallege their responses to paragraphs "1 – 145" of the Amended Complaint, inclusive, as if fully set forth herein.

147.    Deny the allegations set forth in paragraph "147" of the Amended Complaint.

148.    Deny the allegations set forth in paragraph "148" of the Amended Complaint.

149.    Deny the allegations set forth in paragraph "149" of the Amended Complaint.

150.    In response to paragraph "150" of the Amended Complaint, Defendants repeat and reallege their responses to paragraphs "1 – 149" of the Amended Complaint, inclusive, as if fully set forth herein.

151.    Deny the allegations set forth in paragraph "151" of the Amended Complaint.

152.    Deny the allegations set forth in paragraph "152" of the Amended Complaint.

153.    Deny the allegations set forth in paragraph "153" of the Amended Complaint.

154.     In response to paragraph "154" of the Amended Complaint, Defendants repeat and reallege their responses to paragraphs "1 – 153" of the Amended Complaint, inclusive, as if fully set forth herein.

155.     Deny the allegations set forth in paragraph "155" of the Amended Complaint.

156.     In response to paragraph "156" of the Amended Complaint, Defendants repeat and reallege their responses to paragraphs "1 – 155" of the Amended Complaint, inclusive, as if fully set forth herein.

157.     Deny the allegations set forth in paragraph "157" of the Amended Complaint.

158.     In response to paragraph "158" of the Amended Complaint, Defendants repeat and reallege their responses to paragraphs "1 – 157" of the Amended Complaint, inclusive, as if fully set forth herein.

159.     Deny the allegations set forth in paragraph "159" of the Amended Complaint.

160.     In response to paragraph "160" of the Amended Complaint, Defendants repeat and reallege their responses to paragraphs "1 – 159" of the Amended Complaint, inclusive, as if fully set forth herein.

161.     Deny the allegations set forth in paragraph "161" of the Amended Complaint.

162.     In response to paragraph "162" of the Amended Complaint, Defendants repeat and reallege their responses to paragraphs "1 – 161" of the Amended Complaint, inclusive, as if fully set forth herein.

163.    Deny the allegations set forth in paragraph "163" of the Amended Complaint.

164.    Deny the allegations set forth in paragraph "164" of the Amended Complaint.

**AS AND FOR A FIRST DEFENSE,
DEFENDANTS RESPECTFULLY ALLEGE:**

165.    The Amended Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

**AS AND FOR A SECOND DEFENSE,
DEFENDANTS RESPECTFULLY ALLEGE:**

166.    The Amended Complaint is barred, in whole or in part, by the applicable statute of limitations as it pertains to Plaintiffs remaining State Human Rights and City Human Right law claims.

**AS AND FOR A THIRD DEFENSE,
DEFENDANTS RESPECTFULLY ALLEGE:**

167.    The Amended Complaint's request for punitive damages is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

**AS AND FOR A FOURTH DEFENSE,
DEFENDANTS RESPECTFULLY ALLEGE:**

168.    Plaintiff Linell's defamation claim is time-barred by the applicable statutes of limitations.

**AS AND FOR A FIFTH DEFENSE,
DEFENDANTS RESPECTFULLY ALLEGE:**

169.    Defendants had legitimate, non-discriminatory business reasons for taking all of the employment acts complained of herein.

**AS   AND   FOR   A   SIXTH   DEFENSE,
DEFENDANTS RESPECTFULLY ALLEGE:**

170.     The   conduct   complained   of   consists   of   nothing   more   than   what   a reasonable victim of discrimination would consider petty slights and trivial inconveniences, and thus Plaintiff Edelmann's claim of hostile work environment based on gender must be dismissed.

**AS   AND   FOR   A   SEVENTH   DEFENSE,
DEFENDANTS RESPECTFULLY ALLEGE:**

171.     Defendants are shielded from suit by the doctrines of absolute privilege, absolute   immunity,   qualified   privilege   and/or   qualified   immunity   as   to   Plaintiff   Linell's defamation claim.

**AS   AND   FOR   AN   EIGHTH   DEFENSE,
DEFENDANTS RESPECTFULLY ALLEGE:**

172.     Plaintiff Linell has failed to plead the particular words complained of in connection with the cause of action for defamation as required by § 3016(a) of the New York Civil Practice Law and Rules ("CPLR").

**AS   AND   FOR   A   NINTH   DEFENSE,
DEFENDANTS RESPECTFULLY ALLEGE:**

173.     Subject to proof of discovery, Plaintiffs' claims for back pay are barred, in whole or in part, by the failure to mitigate damages.

**AS   AND   FOR   A   TENTH   DEFENSE,
DEFENDANTS RESPECTFULLY ALLEGE:**

Plaintiff Linell has failed to plead any special damages.

**WHEREFORE**, Defendants respectfully request that this Court enter an order dismissing the Amended Complaint and denying all relief requested therein, together with such other and further relief as the Court deems to be just and proper.

Dated:          New York, New York
                October 4, 2016

                                ZACHARY W. CARTER
                                Corporation Counsel of the
                                  City of New York
                                Attorney for Defendants
                                100 Church Street, Room 2-185
                                New York, New York 10007
                                (212) 356-3177
                                tblocker@law.nyc.gov

                                By:  _____/s/_____
                                        Tanya N. Blocker
                                        Assistant Corporation Counsel

TO:     Gary R. Novins, Esq (BY ECF)
        Jonathan A. Tand & Associates
        Attorneys for Plaintiffs
        990 Stewart Avenue, Suite 225
        Garden City, NY 11530
        516-393-9151
        gnovins@tandandassociates.com

15 Civ. 5085 (CBA)(MDG)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CAROL LINELL and CECELIA EDELMANN,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF
EDUCATION, KAYE HOULIHAN, in her
Official and Individually Capacity, THOMAS
OBERLE, in his Official and Individual Capacity,
and CHRISTINE CICCARONE, in her Official
Capacity and Individual Capacity,

Defendants.

**ANSWER TO THE VERIFIED AMENDED
COMPLAINT**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-185*
*New York, New York 10007*

*Of Counsel: Tanya N. Blocker*
*Tel.: (212) 356-3177*
*Matter No.: 2015 - 039049*

*Due and timely service is hereby admitted.*

*New York, N.Y. .............................................. , 2016*

*............................................................................ Esq.*

*Attorney for ................................................................*